## LEAVITT, KERSON & SEHATI
ATTORNEYS AT LAW

PAUL E. KERSON
MARC CRAWFORD LEAVITT
TALI B. SEHATI

118-35 Queens Boulevard
12th Floor
Forest Hills, New York 11375
(718) 793 – 8822

JOSEPH N. YAMANER
JOHN F. DUANE
JERRY CHRISAFIS
COUNSEL

1700 Broadway, 41st Fl.
New York, NY 10019
(212) 973 – 9339

BENJAMIN M. SHAW (1912-2002)

Via ECF

October 6, 2021

Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Alessina, et al v. El Gauchito II, et al.*
              United States District Court
              Eastern District of New York
              Civil Action No: 1:21-CV-04537-ENV-VMS

              *Alessina et al., v. El Gauchito II Corp., et al.*
              New York State Supreme Court, Queens County
              Index No: 710677/2021

Dear Judge Vitaliano:

      Please be advised that we represent the Defendants in connection with the above-named case. We are writing to respond to Plaintiffs' attorney's request for a Stay of the instant Federal case upon the grounds that a nearly identical New York State Supreme Court, Queens County case is currently pending.

      The New York State Supreme Court case was brought as a Motion for Summary Judgment in Lieu of Complaint on May 10, 2021. We duly responded with the appropriate Affirmation, Affidavits, and Memorandum of Law and Exhibits on June 9, 2021. The Motion for Summary Judgment in Lieu of Complaint and the Opposition was submitted to Justice Darrell L. Gavrin of the New York State Supreme Court for Queens County on July 27, 2021. We are awaiting a Decision.

      The United States Supreme Court has made it perfectly clear that an application for a Stay of a Federal action under these circumstances is the very same thing as requesting a dismissal of the Federal action.

      In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983), the United States Supreme Court set forth the rule on situations where a Stay of a Federal action is requested by a Plaintiff in favor of a nearly identical State Court action:

1

"Hence, a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be <u>res judicata</u>... hence, as the Court of Appeals held, <u>this stay order amounts to a dismissal of the suit</u>." See 460 U.S. at 10. (Emphasis added)

Thus, we join in Plaintiffs' application for a Stay, and urge the Court to dismiss the instant Federal action on the authority of the United States Supreme Court's ruling in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* cited above.

In *Continental Time Corp v. Swiss Credit Bank*, 543 F. Supp. 408 (S.D.N.Y. 1982), the United States District Court for the Southern District of New York addressed this exact question: the pendency of both State and Federal lawsuits involving the same parties and the same underlying issues.

In determining whether or not to grant a Stay or a dismissal of the Federal action, the United States District Court for the Southern District of New York held that the following "relevant factors" must be considered:

1. "The adequacy of relief available in the alternative forum".

2. "The promotion of judicial efficiency".

3. "The identity of the parties and the issues in the two actions"

4. "The likelihood of prompt resolution in the alternative forum"

5. "The convenience of parties, counsel and witnesses"

6. "The possibility of prejudice to any party"

7. "The temporal sequence of filing for each action" See 543 F. Supp. at 410.

Applying the seven-part analysis of the United States District Court for the Southern District of New York in *Continental Time Corp v. Swiss Credit Bank,* cited above, yields the inescapable conclusion that <u>the currently pending Federal action must be dismissed</u>.

1. The Motion papers in this State Court case are published on the NYSCEF system and attached hereto. As can be seen by a reading of these State Court papers, the issues in these companion cases have been fully litigated in the State Court and the State Court Justice can certainly make an adequate judicial determination of the rights and duties of all of the parties in this case.

2. Certainly, it does not promote judicial efficiency to have two Judges considering the exact same issues between the exact same parties.

3. The parties in both the State and Federal actions herein are identical and the issues in both actions are identical.

4. The State Court will give especially prompt resolution to this matter as the Plaintiffs chose to bring it as a Motion for Summary Judgment in Lieu of Complaint and a Decision is now pending and likely to be published shortly on the NYSCEF system.

5. Certainly, it most convenient for all of the parties, counsel and witnesses for this case to be determined on the currently pending Motion for Summary Judgment in Lieu of Complaint in the State Court system.

6.  Certainly there is no possibility of prejudice to any party, as all parties have been adequately heard in the State Court system by the submission of the attached Motion papers on the NYSCEF system.

7.  Certainly the State Court must be given the opportunity to decide this case as the State Court action was filed on or about May 10, 2021 and the instant Federal action was not filed until three months later on August 12, 2021.

The United States Supreme Court reached the same result in *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 96 S. Ct. 1236 (1976). In that case, the United States Supreme Court held that the United States District Court should defer its jurisdiction to a Colorado State Court on a question of local water rights where the parties and issues were identical, as in the instant case.

Thus, it respectfully prayed that Plaintiffs' application for a Stay be granted, and that the instant Complaint also be dismissed as said result is clearly required by the United States Supreme Court's Decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, cited above, and by applying the seven-part analysis of relevant factors set forth by the United States District Court for the Southern District of New York in *Continental Time Corp v. Swiss Credit Bank*, cited above.

Your Honor's attention to this case is greatly appreciated.

Because of the clear instructions of the United States Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, cited above, it is respectfully submitted that this Court dismiss the above listed Federal action on its own Motion, as the currently pending State Court Decision will be res judicata concerning this entire matter. It is axiomatic that no litigant can recover twice for the same injury, or get "two bites at the apple"

Alternatively, if formal Motion practice is required, it is respectfully requested the Court set a Motion schedule so that this Motion to dismiss the Complaint can be fully litigated.

Best regards. Stay Safe.

Sincerely,

*Paul E. Kerson*

Paul E. Kerson

PEK:gd

cc: Josef Nussbaum, Esq., Attorney for Plaintiffs
    Mr. Mario Civelli, Defendant
    Mr. Marcello Civelli, Defendant
    Ms. Vanessa Civelli, Defendant
    Luis Echeverria, Esq., Co-Counsel for Defendants