NEW YORK SUPREME COURT
COUNTY OF QUEENS

---

LORENA ALESSINA, HENRY ARGUDO,
JULIETA CAPPONI and JOHNNY WILLIAN
TORRES RIVERA,

    Plaintiffs,

v.

EL GAUCHITO II, INC. d/b/a EL
GAUCHITO I, EL GAUCHITO V, INC. d/b/a
EL GAUCHITO II, MARIO CIVELLI,
MARCELLO CIVELLI, and VANESSA
CIVELLI,

    Defendants.

---

Index No. 710677/2021

**NOTICE OF ENTRY**

  PLEASE TAKE NOTICE that the within Decision and Order attached as "Exhibit A" is a true and correct copy of the Decision and Order and Judgment of the Supreme Court of the State of New York, Appellate Division: Second Department, entered on October 4, 2023.

Dated: New York, New York.
   October 16, 2023

            **JOSEPH & KIRSCHENBAUM LLP**

            By: s/*Josef Nussbaum*
              Josef Nussbaum
              D. Maimon Kirschenbaum
              32 Broadway, Suite 601
              New York, NY 10004
              (212) 688-5640
              (212) 981-9587 (fax)

            *Attorneys for Plaintiffs (Respondents)*

## AFFITRMATION OF SERVICE

The undersigned, an attorney admitted to practice before the Courts of the State of New York, affirms under penalty of perjury, that on October 16, 2023, he caused a true and correct copy of the Order of the Supreme Court of the State of New York, Appellate Division: Second Department, entered on October 4, 2023, to be served via electronic case filing and electronic mail upon:

Paul Eugene Kerson
LEAVITT, KERSON & SEHATI
118-35 Queens Blvd 12th Floor
Forest Hills, NY 11375

*Attorneys for Defendants*

Executed on October 16, 2023

__s/*Josef Nussbaum*___
Josef Nussbaum
**JOSEPH & KIRSCHENBAUM LLP**
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiffs*

# EXHIBIT A

FILED: QUEENS COUNTY CLERK 10/16/2023 04:20 PM
NYSCEF DOC. NO. 27
INDEX NO. 710677/2021
RECEIVED NYSCEF: 10/16/2023

FILED: APPELLATE DIVISION - 2ND DEPT 10/05/2023 09:19 AM
NYSCEF DOC. NO. 14
2021-08890
RECEIVED NYSCEF: 10/05/2023

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D72238
U/htr

_____AD3d_____

Submitted - April 13, 2023

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-08890

DECISION & ORDER

Lorena Alessina, et al., respondents,
v El Gauchito II, Corp., et al., appellants.

(Index No. 710677/21)

---

Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for appellants.

Joseph & Kirschenbaum LLP, New York, NY (Josef Nussbaum and Michael DiGiulio of counsel), for respondents.

In an action to recover on an instrument for the payment of money only, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 18, 2021. The order granted the plaintiffs' motion for summary judgment in lieu of complaint.

ORDERED that the order is affirmed, with costs.

The plaintiffs are current and former employees of restaurants operated by the defendants El Gauchito II, Corp., and El Gauchito V, Inc., which are owned by the defendant Mario Civelli. According to the plaintiffs' attorney, the parties agreed to a settlement of an employment dispute during a mediation. Shortly thereafter, the plaintiffs' attorney emailed the defendants' former attorney, Chris Lynch, asking him "to confirm the terms of the settlement we reached" earlier that day and setting forth the specific terms, which included the defendants' agreement to pay $325,000 to the plaintiffs by May 3, 2021. Lynch replied, "Yes, confirmed." However, approximately a month later, Lynch informed the plaintiffs' attorney that the defendants would not pay the settlement amount.

The plaintiffs commenced this action to recover on an instrument for the payment of money only by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendants opposed the motion, contending that there was no agreement between the parties. In an

October 4, 2023

ALESSINA v EL GAUCHITO II, CORP.

Page 1.

order entered November 18, 2021, the Supreme Court granted the plaintiffs' motion for summary judgment in lieu of complaint. The defendants appeal.

"Pursuant to CPLR 2104, a settlement agreement is binding upon a party if it is in a writing subscribed either by the party or by his or her attorney" (*Martin v Harrington*, 139 AD3d 1017, 1018). "Further, as settlement agreements must abide by the principles of contract law, for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent" (*Herz v Transamerica Life Ins. Co.*, 172 AD3d 1336, 1337-1338 [internal quotation marks omitted]; *see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 285; *Forcelli v Gelco Corp.*, 109 AD3d 244, 248).

Here, the material terms of the settlement were set forth in an email by the plaintiffs' counsel, and accepted in a response subscribed by the defendants' former attorney, who had apparent authority to settle the case on their behalf (*see Hallock v State of New York*, 64 NY2d 224, 230; *Amerally v Liberty King Produce, Inc.*, 170 AD3d 637, 638; *Anghel v Utica Mut. Ins. Co.*, 164 AD3d 1294, 1295; *Wil Can [USA] Group, Inc. v Shen Zhang*, 73 AD3d 1166, 1167). The exchange of email correspondence between the attorneys for the parties setting forth all the material terms of the settlement and a manifestation of mutual assent was sufficient to constitute an enforceable settlement agreement between the parties (*see Herz v Transamerica Life Ins. Co.*, 172 AD3d at 1337-1338; *Martin v Harrington*, 139 AD3d at 1018; *Forcelli v Gelco Corp.*, 109 AD3d at 248). Contrary to the defendants' contention, the agreement was not conditioned on the parties' execution of a formal settlement and release, or any other further occurrences (*see Guice v PPC Residential, LLC*, 212 AD3d 577, 577; *Herz v Transamerica Life Ins. Co.*, 172 AD3d at 1338; *Trolman v Trolman, Glaser & Lichtman, P.C.*, 114 AD3d 617, 618; *Forcelli v Gelco Corp.*, 109 AD3d at 248; *Kowalchuk v Stroup*, 61 AD3d 118, 121).

The plaintiffs established, prima facie, that the defendants failed to make the payment required by the settlement agreement, which was an "instrument for the payment of money only" within the meaning of CPLR 3213 (*see Weissman v Sinorm Deli*, 88 NY2d 437, 444; *Kays v Antzoulatos*, 211 AD3d 925, 925-926; *Buckley v Nicklous*, 210 AD3d 575, 576; *J.D. Structures v Waldbaum*, 282 AD2d 434, 436). In opposition, the defendants failed to raise a triable issue of fact (*see Kays v Antzoulatos*, 211 AD3d at 926; *Park Union Condominium v 910 Union St., LLC*, 140 AD3d 673, 673-674). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment in lieu of complaint.

The defendants' remaining contention is not properly before this Court.

DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.

ENTER:

*Darrell M. Joseph*
Acting Clerk of the Court

October 4, 2023

ALESSINA v EL GAUCHITO II, CORP.

Page 2.