# LEAVITT, KERSON & SEHATI
### ATTORNEYS AT LAW

PAUL E. KERSON
MARC CRAWFORD LEAVITT
TALI B. SEHATI

118-35 Queens Boulevard
Suite 950
Forest Hills, New York 11375
(718) 793 – 8822
Fax (718) 520 – 8544

LUIS F. ECHEVERRIA
JOSEPH N. YAMANER
JOHN F. DUANE
JERRY CHRISAFIS
COUNSEL

620 Fifth Avenue, 2nd Fl.
New York, NY 10020
(212) 973 – 9339
(212) 973-9494 Fax

BENJAMIN M. SHAW (1912-2002)

Via: ECF

March 20, 2024

Hon. Vera M. Scanlon
U.S. Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Alessina et al v. El Gauchito II Corp., et al*
       Docket No.: 1:21-CV-04537-ENV-VMS

Dear Magistrate Judge Scanlon:

Please be advised that I represent the Defendants in connection with the above-named case.

Your Honor requested a report on the related New York State Court pending litigation. I apologize for any delay in responding.

Yesterday, on March 19, 2024, the New York State Court of Appeals denied my clients' motion to appeal to that Court. A copy of the New York State Court of Appeals Decision dated March 19, 2024 is attached hereto.

This case arises from a most unusual set of circumstances. The Plaintiffs, Lorena Alessina, Henry Argudo, Julietta Capponi and Johnny Willian Torres Rivera were employees of my clients' restaurants located at 94-60 Corona Avenue, Elmhurst, Queens County, New York 11373 and 158-15 Horris Harding Expressway, Flushing, Queens County, New York 11365, known as El Gauchito II Corp. d/b/a El Gauchito I, El Gauchito V, Inc. d/b/a El Gauchito II (the subject restaurants). I also represent the owner of the subject restaurants, Mr. Mario Civelli and his adult children, Mr. Marcello Civelli and Ms. Vanessa Civelli. Mr. Marcello Civelli and Ms. Vanessa Civelli are employed full-time at the subject restaurants.

The Plaintiffs in this matter, through their counsel, threatened to file the instant United States District Court Wages and Hour Labor Law claim if my clients did not consent to a Mediation Hearing. The Mediation Hearing was held with a representative of the Judicial Arbitration and Mediation Service (JAMS) on March 4, 2021.

At the JAMS Mediation Hearing, possible settlements were discussed. However, no agreement was reached. Due to a misunderstanding, Appellants' prior counsel and Respondents' counsel exchanged emails that a settlement may have been reached in the sum of $325,000.

1

Thereafter, a comprehensive single-spaced Settlement Agreement was prepared and circulated among the parties in this case. This Settlement Agreement was never signed.

The Plaintiffs in this case then took the most unusual step of filing a motion for Summary Judgment in lieu of Complaint in the Queens County Supreme Court on May 10, 2021. Shortly thereafter, on August 12, 2021, Plaintiffs, through their counsel filed a nearly identical Complaint in this Court under this Docket Number.

The Queens County Supreme Court wrongfully granted the Alessina Plaintiffs motion. The Appellate Division, Second Department affirmed and the New York State Court of Appeals just yesterday declined to hear the case.

It is respectfully submitted that this $325,000 settlement based on a one-line email cannot possibly be enforced in this Court, or in the New York State Court system because no judicial approval of this settlement was ever obtained by the Alessina Plaintiffs pursuant to the fully binding Decision of the United States Court of Appeals, Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

In *Cheeks v. Freeport Pancake House, Inc.*, cited above, the United States Court of Appeals for the Second Circuit made it perfectly clear that settlements in Fair Labor Standards Act (FLSA) cases must have approval of a United States District Court or the U.S. Department of Labor before any settlement can be effectuated.

In the instant case, no such District Court or U.S. Labor Department has been obtained.

Thus, we respectfully request a motion conference so that we may set dates to make a formal motion to dismiss this case and for an Order forbidding enforcement of the $325,000 settlement without the approval of this Court or the U.S. Department of Labor.

Indeed, if the Alessina Plaintiffs wish to make a motion seeking approval, we respectfully request a motion schedule to oppose said motion on the grounds that under no circumstances can a one-line email settlement be approved in any Federal Court or Federal Agency, as same is clearly a violation of the Due Process clause of the United States Constitution. Where a multi-paid settlement agreement has been prepared but not signed, there is no possible way a one-line email can substitute for a carefully drafted Stipulation of Settlement without Court approval.

In addition, our clients have commenced a professional liability case against their former attorney for consenting to this one-line email settlement without authority from them.

The attorney in the professional liability case is in negotiations with the insurance carrier in that case in an effort to settle this entire matter. Certainly, these efforts can be further explored at a pre-motion Conference wherein Jonathan Kroll, Esq., the attorney for the El Gauchito, Inc. Defendants in the professional liability case can be present.

Your Honor's attention to this case is greatly appreciated.

Best regards.

Sincerely,

Paul E. Kerson

PEK:ms

CC:   Mr. Mario Civelli, El Gauchito II Corp.
      Mr. Marcello Civelli, El Gauchito II Corp.
      Ms. Vanessa Civelli, El Gauchito II Corp.
      Luis Echeverria, Esq., Co-Counsel for Defendant El Gauchito II Inc., et al
      Joseph Nussbaum, Esq., attorney for Plaintiff