# LEAVITT, KERSON & SEHATI
## ATTORNEYS AT LAW

PAUL E. KERSON
MARC CRAWFORD LEAVITT
TALI B. SEHATI

BENJAMIN M. SHAW (1912-2002)

118-35 Queens Boulevard
Suite 950
Forest Hills, New York 11375
(718) 793 – 8822
Fax (718) 520 – 8544

LUIS F. ECHEVERRIA
JOSEPH N. YAMANER
JOHN F. DUANE
JERRY CHRISAFIS
COUNSEL

620 Fifth Avenue, 2ⁿᵈ Fl.
New York, NY 10020
(212) 973 – 9339
(212) 973-9494 Fax

Via: ECF

March 26, 2024

Hon. Vera M. Scanlon
U.S. Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Alessina et al v. El Gauchito II Corp., et al*
        Docket No.: 1:21-CV-04537-ENV-VMS

Dear Magistrate Judge Scanlon:

Thank you very much for your March 21, 2024 Scheduling Order scheduling a telephonic Pre-Motion Conference for March 28, 2024 at 3:30 pm.

Together with Luis Echeverria, Esq., I represent the Defendants in this case. I submit this additional Pre-Motion Conference letter to you because of the especially important legal issues presented in this case. This matter started as an ordinary Fair Labor Standards Act case (FLSA, 29 U.S.C. Section 201 et seq.) and New York Labor Law Section 190 case.

In the tradition of this Court but before the Summons and Complaint was filed, a Mediation Hearing was held. My client, Mr. Mario Civelli owns two Queens County restaurants which are the subject of this case, El Gauchito II Corp. and El Gauchito V Inc. His adult children, Mr. Marcello Civelli and Ms. Vanessa Civelli are full time employees of these two restaurants, but not owners.

At the Mediation Hearing, my clients were present, but Mr. Mario Civelli felt ill and had to leave the Mediation Hearing in the middle of same. He never consented to anything. As the owner, his consent to any Settlement is essential.

Due to a misunderstanding, Plaintiff takes the position that Mr. Mario Civelli's adult son, Mr. Marcello Civelli consented to a grossly inappropriate $325,000 Settlement which was wrongfully confirmed by his then attorney in a one-line E-mail. It is respectfully submitted that this grossly inappropriate settlement amount was arrived at only as a result of a phone call and before any discovery was commenced or completed.

Then, Plaintiff's counsel engaged in a most abnormal set of tactics. Rather than filing the Summons and Complaint and making a Motion in this Court for judicial review of the Settlement pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015), Plaintiffs commenced a New York State Court litigation wrongfully and inappropriately claiming that the one-line E-mail constituted a "enforceable Settlement".

Equally amazingly, it is respectfully submitted the Queens County Supreme Court wrongfully agreed with him as did the Appellate Division, Second Department. See *Alessina, et al v. El Gauchito II Corp.*, 220 A.D. 3d 645, 198 N.Y.S. 3d 94 (2d Dept. 2023). A Motion to appeal this clearly erroneous determination of the Appellate Division was presented to the New York State Court of Appeals, but the New York State Court of Appeals declined to accept this case in a brief determination dated March 19, 2024, a copy of which was sent to your Honor in my last ECF posting.

Thus, the instant Pre-Motion Conference sets up a Supremacy Clause and Due Process Clause Constitutional confrontation between the United States Court of Appeals, Second Circuit's ruling that this Court's (or U.S. Labor Department) approval of Fair Labor Standards Act (FLSA) Settlements is required with the New York State Supreme Court, Appellate Division, Second Department's wrongful determination that the instant Settlement in this case is somehow approved.

This Court has taken its responsibilities under *Cheeks v. Freeport Pancake House*, cited above, very seriously.

In *Latture v. 101-109 Cafe Inc.*, 645 F. Supp. 3d 126 (E.D.N.Y 2022), this Court declined to endorse a Mediator's determination pursuant to *Cheeks v. Freeport Pancake House*, cited above, where the "Mediator's Finding contains no discussion of the terms of the Settlement" as is the case here. See 645 F. Supp. 3d at page 2.

Further, in *Luna v. J.S. Held LLC*, 2023 WL 2214012 (E.D.N.Y. 2023), this Court specifically declined to approve an FLSA Settlement where the Plaintiff's attorney was scheduled to receive one-third of the recovery, $5,000 of a $15,000 Settlement. See 2023 WL 2214012 at page 2 and 7.

In the instant case, we are faced with a similar situation. Counsel for the Plaintiff is seeking approximately one-third of the alleged $325,000 wrongful Settlement or $110,922.97 for drafting a Summons and Complaint and conducting a one-day defective Mediation Hearing. See the unsigned Settlement Agreement in this matter.

It is respectfully submitted that such a fee is clearly excessive and will never survive *Cheeks* review in this Court.

It is further respectfully submitted that this is precisely why Plaintiff's counsel sought to obtain State Court approval of this abuse of the judicial system in order to avoid *Cheeks* review by this Court.

Cases cannot be settled with a one-line E-mail.

Lawyers with long experience know that a Settlement requires the careful consideration of each party. The party must know the full details of the Settlement. The party must sign the Settlement Agreement knowingly and voluntarily. If there is a language barrier, the Settlement must be translated into the language of the litigant. No litigant should ever be compelled to be forced into a Settlement that they do not agree with. In the instant case, Mr. Mario Civelli, owner of the subject restaurants, has Spanish as his first language and only speaks and understands limited English. Because of illness, Mr. Mario Civelli had to leave the instant Mediation Hearing in the middle of same.

Often times, we settle cases in the Courthouse on the carbonized form wisely promulgated by the New York State Office of Court Administration (OCA). This form is essential to the proper administration of justice under Due Process Clause of the New York State Constitution and United States Constitution.

For decades, experienced lawyers have sat in the hallways of our Courthouses together with parties preparing Stipulation of Settlements on the carbonized form provided by OCA.

The OCA form is brilliant in its ability to facilitate a Settlement when in the hands of competent counsel. In the hallways of the Courthouse, counsel for all parties work together to draft a Stipulation of Settlement that is acceptable to all of the parties then present in the Courthouse. When the agreement is finally written up all of the parties and all of the lawyers sign it, we then proceed into the Courtroom for an allocution before a State Supreme Court Justice and/or Law Secretary.

The parties are all allocuted. They are all asked if they freely and voluntarily enter this Stipulation of Settlement prepared by their counsel. The parties are asked if they have taken any drugs or alcohol within the past 24 hours. The parties are asked if they are satisfied with the efforts of their counsel on their behalf. All of this done by the Court after the parties have been sworn in, raised their right hands and promised to tell the truth about the preparation of the Stipulation of Settlement.

That is the time-honored and constitutional way most cases are settled in the New York State Court system.

Sometimes, cases are settled without a Court appearance. Under those circumstances, experienced counsel exchange drafts of a Stipulation of Settlement several times before asking the parties to sign same after having carefully explained all of the provisions. In Stipulation of Settlements reached outside the Courthouse, great care is taken to make certain that the parties know exactly what they are agreeing to and exactly what they are expected to do because of the Stipulation of Settlement.

This method is most often used when counsel are settling cases in this Court.

None of this happened in this case. In this case, there was a Mediation Hearing where the owner of the subject restaurants, Mr. Mario Civelli, who does not speak English, felt ill during the Mediation Hearing and left in the middle. He left his adult children, his employees, Mr. Marcello Civelli and Ms. Vanessa Civelli to finish the Mediation Hearing without him. Under no circumstances did they ever agree to anything.

Regrettably, their prior counsel at the time believed that the $325,000 Settlement figure that was discussed was somehow agreed to by Mr. Mario Civelli, which is clearly incorrect. It is undisputed that prior counsel only communicated with Mr. Mario Civelli, through his children due to the language barrier. The failure to clearly and unequivocally discuss a settlement amount with Mario Civelli requires a finding that no discussion of the terms of the Settlement took place and the Court to decline the $325,000.00 award. This entire case was settled with a one-line E-mail from Defendants' prior counsel. Plaintiff's counsel sent an E-mail wherein the Settlement would include certain terms. He did not include a Settlement Agreement itself. That was provided later. This detailed written Settlement Agreement was never signed by anyone, yet provided for the clearly excessive legal fee of $110,922.97 to Plaintiff's counsel.

Under these circumstances, we are hopeful that Your Honor will make clear to Plaintiff's counsel that the existing Settlement has absolutely no merit and will never survive *Cheeks* review in this Court, and/or the United States Court of Appeals for the Second Circuit.

Without *Cheeks* review, it is completely clear that the Settlement Hearing is void no matter what the Appellate Division said. That is the teaching of the Supremacy Clause of the <u>United States Constitution</u>.

The most recent Decision of the United States Supreme Court on this point is contained in *Armstrong v. Exceptional Child Center Inc.*, 575 U.S. 320, 135 S. Ct. 1378 (2015). In that case, the United States Supreme Court held:

> "It is apparent that this Clause creates a rule of Decision: "Courts 'shall' regard the 'Constitution,' and all laws 'made in Pursuance thereof.' as 'the Supreme Law of the Land.' They must not give effect to state laws that conflict with federal laws". See 575 U.S. at 324.

Applying the teaching of the Supremacy Clause (Article VI Clause 2), of the <u>United States Constitution,</u> and the teaching of the United States Supreme Court in *Armstrong v. Exceptional Child Center Inc.*, cited above to this case makes it perfectly clear that the Decision of the United States Court of Appeals, Second Circuit requiring this Court's or the U.S. Labor Department approval of FLSA Settlements in *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015) is supreme over the incorrect Decision of the New York State Supreme Court, Appellate Division Second Department in *Alessina, et al v. El Gauchito II Corp. et al,* 220 A.D 3d 645, 198 N.Y.S. 3d 94 (2d Dept. 2023).

This also means that the maximum Settlement value of the instant case is the cost of Defendant's legal fees and expenses for seeking denial of *Cheeks* approval from this Court and, if necessary, the United States Court of Appeals for the Second Circuit.

We are hopeful that Your Honor will make this point perfectly clear to Plaintiff's counsel who has acted completely inappropriately throughout this entire mater.

Your Honor's attention to this case is greatly appreciated.

Best regards.

Sincerely,

Paul E. Kerson

PEK:gd

cc:   Mr. Mario Civelli, El Gauchito II Corp., Defendant
      Mr. Marcello Civelli, El Gauchito II Corp., Defendant
      Ms. Vanessa Civelli, El Gauchito II Corp., Defendant
      Luis Echeverria, Esq., Co-Counsel for Defendant El Gauchito II Inc., et al
      Josef Nussbaum, Esq., attorney for Plaintiff

4